IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Criminal No. SAG-21-272 |
| COREY GARDNER, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Defendant Corey Gardner has filed a series of motions in this criminal case. While several of those motions require an evidentiary hearing (which is presently scheduled for September 19, 2022), one motion does not. Defendant's motion to dismiss Counts Three and Six of the Indictment, ECF 40, raises a purely legal issue, about which no hearing is necessary. This Court has reviewed that motion, the Government's opposition, and Defendant's reply. ECF 40, 49, 61. For the reasons described below, Defendant's motion will be denied.

Counts Three and Six of the Indictment charge Defendant with two separate violations of 18 U.S.C. § 924(c)(1)(A), on two separate dates. With the exception of the dates and the reference to two different predicate drug offenses, the two counts employ identical language. Each count charges that Defendant "did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States." ECF 1 at 3, 6.

Defendant argues that the two counts should be dismissed because of a 1995 Supreme Court case, *Bailey v. United States*, 516 U.S. 137 (1995). *Bailey* held that proving the "use" of a firearm by a defendant charged with a § 924(c)(1)(A) offense required the defendant's active deployment of the firearm. 516 U.S. at 143. Here, Defendant argues, "Discovery provided by the

Government demonstrates that the Defendant did not utilize either of the two guns to actively facilitate his drug trafficking." ECF 40-1 at 3.

This Court agrees with the Government that Defendant's argument is inapposite. Counts Three and Six of the Indictment do not contain the word "use," and it is clear that they do not charge Defendant with violating the clause of § 924(c)(1)(A) implicated when a person "uses or carries a firearm" in furtherance of drug trafficking. Instead, the plain language of the Indictment charges the separate clause of the statute implicated when a person "possesses a firearm" in furtherance of a drug trafficking crime. And courts, including the Fourth Circuit, have found that the link between firearms and drug trafficking can be established in possession cases by considering factors such as "accessibility of the firearm" and "proximity to drugs or drug profits." *See, e.g.*, *United States v. Lomax,* 293 F.3d 701, 705 (4th Cir. 2002) (quoting *United States v. Ceballos-Torres*, 218 F.3d 409, 414-15 (5th Cir. 2000)).

Of course, it will be up to the jury to determine whether the Government proves beyond a reasonable doubt that Defendant possessed either firearm in connection with drug trafficking. But Defendant's motion to dismiss, premised on the argument about the Government's inability to prove his "use" of a firearm, will be DENIED by separate order.

Dated:  August 30, 2022                                                   /s/
                                                                    Stephanie A. Gallagher
                                                                    United States District Judge